O’NIELL, J.
The question propounded in this ease is whether the share of rough rice belonging to an irrigation company for irrigating the land of the farmer who raised the rice is exempt from taxation while in the hands of the irrigation company. The district court held that the irrigation company's share of the crop was exempt from taxation, so long as it had not been disposed of by the company; and the defendants, being the Louisiana Tax Conimission, the tax assessor, *187 the police jury, and the tax collector, have appealed.
The assessment was levied on 11,149 sacks of rough rice, for the taxes of 1921. Plaintiff had only 3,448 sacks of rice on hand at the beginning of the year 1921 and did not have more than that quantity on hand, or in the parish, at any time during the year. Plaintiff had received, as the company’s share of the crops of the year 1920, 11,149 sacks of rough rice, but had shipped all but 3,448 sacks of the rice before the end of the year. The company is not engaged in the business of buying rice, and did not buy any of the 11,Í49 sacks of rice referred to. The company is engaged in operating an irrigation canal, and owns and cultivates lands adjoining the canal.' The company also furnishes water for irrigating other lands, cultivated by the farmers who own the lands, and who compensate the irrigation company for irrigating the farms, by allowing the company a share of the crop. The irrigation company’s share, in this instance, as we understand, was a fourth, although it is usually only a fifth, of the crop. Of all of the rice owned by plaintiff in the year 1921, only 132 sacks of it was raised by the company on its own land; the balance being the company’s share of crops raised by farmers whose lands were irrigated by the company for the share of the crops.
The exemption from taxation is claimed under section 4 of article 10 of the Constitution of 1921, and under section 7 of Act 170 of 1898.
Section' 4 of article 10 of the Constitution exempts from taxation “agricultural products while owned by the producer.” It is contended that, as the irrigation company in this case furnished the irrigation, not for a determined or determinable compensation, but as a joint adventurer in the enterprise, the company was the producer of its share of the crop, as plainly as the farmer, who planted the seed and cultivated the soil, was the producer of his share of the crop. We are relieved of the necessity of deciding whether the irrigation company, in this case, was “the producer” of its share of the crop, within the meaning of section 4 of article 10 of the Constitution; ' because we decided in State ex rel. W. K. Henderson Iron Works & Supply Co. v. John W. A. Jeter, Tax Assessor (No. 25001), 151 La. 1011, 92 South. 594, that the exemptions allowed by section 4 of article 10 of the Constitution of 1921 did not remit or release the taxes levied, for that year.
Section 7 of Act 170 of 1898 declares:
“That all crops, whether growing or gathered, shall be considered as being attached to the realty while in first hands, and shall not be separately taxed while in possession of the lessor or his agent.”
The 132 sacks of rice that was rais'ed by the irrigation company on its own land was, of course, “in first hands” as long- as the company owned it, and was therefore not subject to taxation. The only question is whether the balance of the riceithat was assessed for taxes, having been acquired by the company as its share of the crops raised in a joint adventure with the farmers who sowed the seed and cultivated the soil, was “in first hands” while the company owned it. We have no doubt that the lawmakers’ expression, “while in first hands,” means “until disposed of by the original owner.” 'It cannot be disputed that the irrigation company was the original owner of its share of the rice crop — as surely as was the farmer, who sowed the seed and cultivated the soil, the original owner of his share of the crop. There would be no more reason for saying that the farmer, who sowed the seed and cultivated the soil, was the original owner of the irrigation company’s share of - the crop, made by the joint adventure, than there would be for saying that the irrigation company was the original owner of the farmer’s share of the crop. The farmer would have *189 been the original owner of the whole crop, and it would have been exempt from separate taxation only so long as it remained in his hands, if his agreement with the irrigation company had been that the company should receive a determined oí determinable remuneration either in money or in rice, without any risk on the part of the irrigation company, for irrigating the land. The declaration in the statute that “crops, whether growing or gathered,” shall not be assessed for taxes separately or apart from the land on which they have grown, while the agricultural products remain in the possession of the lessor of the land or his agent, means' that the exSnption shall apply even to agricultural products not owned by the owner of the land that is taxed, so long as the agricultural products are “in first hands,”
The judgment is affirmed.